UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando)
CASE NO.: 6:16-cv-830-ORL-40KRS

RACHEL QUART,

Plaintiff,

vs.

THE TABLE LLC, d/b/a/ The Table a/k/a The Pharmacy, a Florida for-profit corporation, STONE RHODES GROUP, LLC, a Florida for-profit corporation, and TYLER BRASSIL, an individual,

Defendants.

_______________________________/

FILED
2016 MAY 16 PM 4:01
MIDDLE DISTRICT OF FLORIDA
ORLANDO FL

## COMPLAINT

COMES NOW Plaintiff RACHEL QUART ("Plaintiff" or "Quart"), who was an employee of Defendants THE TABLE LLC, d/b/a/ The Table a/k/a The Pharmacy, a Florida for-profit corporation, STONE RHODES GROUP, LLC, a Florida for-profit corporation, and TYLER BRASSIL, an individual (together, "Defendants"), and files her complain for unpaid minimum wage compensation, reimbursement for tips illegally taken, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA").

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

living necessary for health, efficiency, and general well-being of workers. *Barrentine* v. *Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum, on time, may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made, in event of delay, in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08 (1945).

The maximum "tip credit" allowed by Florida law is $3.02 per hour.[1] This means an employer of qualified tipped employees may pay them up to $3.02 per hour under the minimum wage. The "tip credit" is a "partial exception to the minimum wage requirements of section 206 that exists for 'tipped employees.'"[2] The definition of a tipped employee is "any employee engaged in an occupation in which s/he customarily and regularly receives more than $30 a month in tips."[3] and s/he must have "more than de minimis service interaction with customers."[4]

The tip credit is an extraordinary exemption that allows a claiming employer to lower its labor costs to an otherwise impermissible level. Appropriately, a claiming employer "bears the burden of establishing that it is entitled to claim the 'tip credit.'"[5] "Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is 'entitled to the full

[1] *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1347 (S.D. Fla. 2008), citing Fla. Const. Art. 10, § 24(c).
[2] *Pedigo v. Austin Rumba, Inc.*, 722. F.Supp.2d 714, 722 (W.D. Texas 2010), citing *Scherrer v. S.J.G.Corp.*, WO7003809, at *1 (W.D. Texas Oct. 10, 2008).
[3] 29 U.S.C. 203(t).
[4] *Wajcman v. Investment Corp. of Palm Beach*, WL783741, at *3 (S.D. Fla. March 20, 2008).
[5] *Ash v. Sambodromo, LLC*, 676 F.Supp.2d 1360, 1369 (S.D. Fla. 2009), quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir.1979).



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

minimum wage for every hour worked.'"[6] To satisfy its burden, "(1) the tip credit must be claimed for qualified tipped employees; (2) the employees must receive proper notice of Section 203(m) and (3) all tips received by the employees must be retained by them. 29 U.S.C. § 203(m)."[7] While a tipped employee may pool her tips with other employees, "[o]nly tipped employees can participate in a valid tip pool."[8] If "tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.' "[9]

## I. NATURE OF THE CASE

1. This action is brought pursuant to the FLSA for violation of the tip credit, 29 U.S.C. 203(m), and seeks unpaid minimum wage compensation, reimbursement for tips illegally taken, liquidated damages, and other relief. FLSA claims have a two-year statute of limitations, which can be extended to three years if Plaintiff can prove willfulness on the part of Defendants.

## II. JURISDICTION AND VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.
3. This Court has original jurisdiction over Plaintiff's federal question claims.

---

[6] *Id.*
[7] *Ash*, at 1369.
[8] *Id.*, citing to 29 U.S.C. 203(m).
[9] *Id.*, citing to *Wajcman*, at 1356 n. 3.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## III. PARTIES

4. Plaintiff RACHEL QUART is over 18 years old and was a *sui juris* resident of Orange County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consents to participate in this lawsuit.

5. Defendant THE TABLE LLC ("THE TABLE") is a Florida for-profit company that owns and operates a restaurant with two concepts located at the same address called "The Table" and the "The Pharmacy," ("Restaurant"). The restaurant is located at 8060 Via Dellagio Way in Orlando, Orange County, Florida. THE TABLE is the licensee of the Retail Beverage license BEV5811122.

6. Defendant STONE RHODES GROUP, LLC ("STONE RHODES") is a Florida for-profit company that owns and operates a restaurant with two concepts located at the same address called "The Table" and the "The Pharmacy." The Restaurant is located at 8060 Via Dellagio Way in Orlando, Orange County, Florida. STONE RHODES is the licensee of the Permanent Food Service license SEA5812805.

7. Defendant TYLER BRASSIL ("BRASSIL"), an individual and *sui juris*, is the owner of both the THE TABLE LLC and STONE RHODES GROUP, LLC. BRASSIL is also the Chef owner of the Restaurant. BRASSIL acted directly and indirectly in the interest of the Restaurant. BRASSIL managed the Restaurant and had the power to direct employees' actions, including the actions of the Plaintiff. BRASSIL had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

with the FLSA, making Defendant TYLER BRASSIL an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

8. During all times material, Defendants THE TABLE LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.
9. During all times material, Defendant STONE RHODES GROUP, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.
10. During all times material, THE TABLE LLC and STONE RHODES GROUP, LLC were a joint enterprise.
11. During the all material times, Defendants were employers of Plaintiff as defined by 29 U.S.C. § 203(d).
12. Together, THE TABLE LLC and STONE RHODES GROUP, LLC were Plaintiff's single or joint employer.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

13. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

14. Defendants operate a restaurant known as THE TABLE, located at 8060 Via Dellagio Way, STE 106, Orlando, Florida, in Orange County.

15. QUART worked as a server for Defendants from November 2014 to February 2016 or 63 weeks. ("Relevant Time Period").

16. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, and $8.05 in 2015 and 2016.

17. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

18. To utilize the tip credit under the FLSA, the employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy this requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

19. Throughout the Relevant Time Period, Defendants forced Plaintiff to share her tips with non-tipped employees, such as line mangers, cooks and dishwashers, in a tip-sharing scheme in violation of the Act.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

20. Plaintiff regularly was forced to perform non-tip-producing tasks, or "sidework," in excess of the twenty percent (20%) maximum for tipped employees, in violation of the FLSA.

21. Throughout the Relevant Time Period, Plaintiff was not paid for all hours she worked each week.

22. Defendants knew or showed reckless disregard as to whether their policies concerning tip-sharing, sidework, and the payment of wages were prohibited by the FLSA thus they willfully engaged in practices that denied Plaintiff the applicable minimum wage.

23. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

24. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Periods, cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff the tip credit claimed for each regular and overtime hour worked.

25. In addition, as the result of the above violations, in which Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period, Defendants must reimburse Plaintiff for all tips taken in Defendants' illegal tip-sharing scheme and all wages which were earned but not paid.

26. In addition, Defendants failed to provide the notice required under the FLSA and FMWA and did not inform Plaintiff of Defendants' intent to take a credit against their minimum wage obligations based on her tips, up to a maximum of $3.02 per hour.

27. Defendants failed to notify Plaintiff in advance of the employers' use of the tip credit of the provisions of section 3(m) of the Act.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. Defendants did not notify Plaintiff, who was a tipped employee, of the cash wage that was to be paid to her by the employers.

29. Defendants did not inform Plaintiff, who was a tipped employee, of the additional amount by which her wages would be increased on account of the tip credit claimed by the employers.

30. Defendants did not inform the Plaintiff, who was a tipped employee, that all tips received must be retained by the Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

31. Defendants failed to notify Plaintiff that they may not claim a tip credit unless they have informed Plaintiff of the requirements of 3(m) of the Act.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

32. Plaintiff reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein and further alleges as follows:

33. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which tipped employees shared their tips with non-tipped employees such as managers, cooks and dishwashers.

34. By forcing Plaintiff to share tips with non-tipped employees; for not paying Plaintiff wages for all hours worked; for not providing the requisite notice; and forcing Plaintiff to spend 20% or more of her work time performing sidework, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

35. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees; for not paying Plaintiff wages for all hours worked; for not providing the requisite notice;



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

and forcing Plaintiff to spend 20% or more of her work time performing sidework, Plaintiff has been damaged for one or more weeks of work with Defendants.

36. Plaintiff is entitled to receive from Employers a refund of the tip credit illegally taken in an amount of $6659.10. Plaintiff was paid, on average, for 35 hours each week she worked. She worked for employer for approximately 63 weeks. Employers used the maximum tip credit allowable under Florida law of $3.02/hr. Therefore, Plaintiff is due **$6659.10** (35 hours x 63 x 3.02$).

37. Additionally, Employers must restore all tips paid by Plaintiff as part of the violation of the "tip share." Plaintiff worked approximately five (5) dinner shifts per week for the 63 weeks she was employed by Employers. During that time period, Plaintiff estimates she tipped out $30/wk. to the kitchen/managers during the 63 weeks she worked for **$1890.00**.

38. Plaintiff was also forced to tip out Victoria Burns $30/wk. who worked several times each week as a manager/bartender. Plaintiff estimates she tipped out $60/wk. to Ms. Burns during the 63 weeks she worked for **$3780.00**.

39. Plaintiff estimates she is due a total of **$12,329.10.**

**WHEREFORE**, Plaintiff RACHEL QUART, demands judgment in her favor against Defendants THE TABLE LLC, STONE RHODES GROUP, LLC, and TYLER BRASSIL as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per week at the full minimum wage for which Defendants claimed the "tip credit";

b) Award to Plaintiff all of the tips taken from him and distributed to non-tipped employees in Defendants' illegal tip-sharing scheme;



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

c) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per week at the full minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

d) Award to Plaintiff of reasonable attorneys' fees and costs;

e) Award such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted May 12, 2016.

/s/ Lowell J. Kuvin
Fla. Bar No.:53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami Florida 33131
Tele: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*