# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RACHEL QUART,**

        **Plaintiff,**

**v.**                                       **Case No:   6:16-cv-830-Orl-40KRS**

**THE TABLE LLC, STONE RHODES**
**GROUP, LLC and TYLER BRASSIL,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 32)** |
| **FILED:** | **November 3, 2016** |

## I.    BACKGROUND.

    On May 16, 2016, Plaintiff, Rachel Quart, filed a complaint against Defendants, The Table LLC; Stone Rhodes Group, LLC; and Tyler Brassil.  Doc. No. 1.  In the complaint, Plaintiff asserted that Defendants violated the tip credit and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  *Id.*  Plaintiff contended that she was entitled to unpaid minimum wage compensation, reimbursement for tips illegally taken, and liquidated damages.  *Id.* at 3, 9-10.

    On October 17, 2016, the parties filed a motion informing the Court that they had settled the claims asserted in this case and requesting that the Court approve their settlement in accordance

with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 30.   I denied that motion without prejudice for two reasons.   First, the agreement contemplated that it could be modified in writing by the parties, thus depriving the agreement of the requisite finality.   Doc. 31, at 3.   Second, the agreement included a broad general release and other non-cash concessions (such as a confidentiality agreement, a non-disparagement provision, and a no-reemployment provision), which undermined its fairness.   *Id.*

On November 3, 2016, the parties filed a renewed motion for approval of an amended settlement agreement.   Doc. No. 32.   The parties stipulate to an order approving their settlement and dismissing this case with prejudice.   *Id.* at 1.   The amended settlement agreement removed the provision permitting modification of the agreement in writing, removed the non-cash concessions, and narrowed the release.   Doc. No. 32-1.   The matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th

Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Whether Plaintiff Has Compromised Her Claims.*

Under the amended settlement agreement, Defendants will pay Plaintiff a total of $13,000.00—$9,000.00 to Plaintiff for alleged unpaid wages and $4,000.00 to Plaintiff's attorney. Defendants will pay Plaintiff over the course of nine months.   Doc. No. 32-1, at 1-3.

In her answers to the Court's FLSA Interrogatories, Plaintiff calculated that she was entitled to $12,329.10.   Doc. No. 23, at 4-5.   Because Plaintiff will receive less than the amount to which she claimed he was entitled under the FLSA, she has compromised her claim within the meaning of *Lynn's Food.*

### B.    *Whether the Amount Is Fair And Reasonable.*

Because Plaintiff has compromised her claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, including (1) whether or not Plaintiff was properly advised of the tip credit provisions of the law, thus allowing Defendants to claim a tip credit against the minimum wage; and (2) whether or not the tip pools in which Plaintiff

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

participated were voluntary or mandatory and in full compliance with the law.   Doc. 32, at 4.   This factual dispute explains the parties' compromise, and I recommend that the Court find that the amount of the compromise is reasonable.   *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

> C.   *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised her FLSA claim, the Court must consider whether the payment to her attorney is reasonable, to ensure that the fees and costs to be paid to her attorneys did not improperly influence the amount Plaintiff agreed to accept.   *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $4,000.00.   Doc. No. 32-1, at 1.   Counsel represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount paid to Plaintiff.   Doc. No. 32, at 4-5.   In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claims.   *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D.   *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable.   *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").   Unlike

the release in the original settlement agreement, the amended release is narrowly tailored to release only the wage claims asserted in this lawsuit.   Doc. No. 32-1, at 2.   Accordingly, I recommend that the Court find that the release does not undermine the fairness or reasonableness of the settlement agreement.

## IV.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.    **GRANT in part** the Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. No. 32);

2.    **FIND** that the parties' amended settlement agreement (Doc. No. 32-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3.    **DECLINE** to reserve jurisdiction to enforce the amended settlement agreement;

4.    **PROHIBIT** counsel from withholding any portion of the $9,000.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

5.    **DISMISS** the case with prejudice; and

6.    **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 7, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record